ATHENS ROLLER MILLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 112562.    Promulgated November 13, 1944.

*George E. H. Goodner, Esq.,* for the petitioner.
*R. E. Maiden, Jr., Esq.,* for the respondent.

OPINION.

Van Fossan, *Judge*: Section 501 (a) (1) of the Revenue Act of 1936 [1] furnishes the authority under which the respondent has determined the unjust enrichment tax liability of the petitioner    The petitioner builds its case on the following restrictive provision of that section: "Which does not exceed such person's net income for the entire taxable year from the sale of articles with respect to which such Federal excise tax was imposed."

The facts show that the petitioner's exclusive business was the processing of corn and wheat products and the sale of such products. Thus the petitioner's income comes within the provisions of section 501 (c), [2] and hence none of its income can be attributed to any other business or activity.   Therefore, section 501 (a) (1) applies precisely to the imposition of the unjust enrichment tax on the petitioner for the year 1935.

It is also a matter of record that the Board passed on the petitioner's income for the year 1935 and refused to allow the deduction of $7,092.70 representing the processing taxes on processed corn and wheat accrued but not paid in 1935.   The Circuit Court of Appeals for the Sixth Circuit reversed that decision, allowed the deduction,

---

[1] SEC. 501. TAX ON NET INCOME FROM CERTAIN SOURCES.

(a) The following taxes shall be levied, collected, and paid for each taxable year (in addition to any other tax on net income), upon the net income of every person which arises from the sources specified below:

(1) A tax equal to 80 per centum of that portion of the net income from the sale of articles with respect to which a Federal excise tax was imposed on such person but not paid which is attributable to shifting to others to any extent the burden of such Federal excise tax and which does not exceed such person's net income for the entire taxable year from the sale of articles with respect to which such Federal excise tax was imposed.

[2] (c) The net income from the sales specified in subsection (a) (1) shall be computed as follows:

(1) From the gross income from such sales there shall be deducted the allocable portion of the deductions from gross income for the taxable year which are allowable under the applicable Revenue Act; or

(2) If the taxpayer so elects by filing his return on such basis, the total net income for the taxable year from the sale of all articles with respect to which each Federal excise tax was imposed (computed by deducting from the gross income from such sales the allocable portion of the deductions from gross income which are allowable under the applicable Revenue Act, but without deduction of the amount of such Federal excise tax which was paid or of the amount of reimbursement to purchasers with respect to such Federal excise tax) shall be divided by the total quantity of such articles sold during the taxable year and the quotient shall be multiplied by the quantity of such articles involved in the sales specified in subsection (a) (1).   Such quantities shall be expressed in terms of the unit on the basis of which the Federal excise tax was imposed.

and determined that the petitioner had a net loss of $1,207.70. No appeal was taken by the respondent, and under the mandate of the Circuit Court of Appeals a final decision was entered by this Court on September 9, 1943, showing that the agreed computations of tax, pursuant to the mandate, set forth a net loss of $1,207.70 for the year 1935 and deciding that certain overpayments of income and excess profits taxes had been made by the petitioner.

The decisions and orders relating to the petitioner's income and its income tax for the year 1935 are now final and bring the situation precisely within the language of the statute. Since there is no income, there can be no tax on unjust enrichment imposed on the petitioner. It follows that the respondent's position can not be sustained.

Since the decision in the underlying issue is in favor of the petitioner, the secondary issues fall with it.

The respondent's brief is devoted largely to a discussion of the impropriety of allowing a deduction of the $7,092.70 item described heretofore. He argues that such a conclusion is not within the spirit of the law. That question can not be considered by us. It has already been settled by the decision of the Circuit Court of Appeals. We must take the record as we find it.

The respondent further argues that our decision in the case at bar should await the determination of the petitioner's claims, pending before us, for the refund of certain processing taxes arising out of the same transaction. There is no justification for deferring our action. Under our view of the case, the petitioner's income and its income taxes have been determined finally and, even assuming that it will be successful in securing the refunds, their disposition by way of income is a problem which must be solved if and when presented.

*Decision will be entered under Rule 50.*